**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Herbert Murray STEPHENS,**
**Defendant–Appellant.**

**No. 89–2267.**

United States Court of Appeals,
Sixth Circuit.

Argued May 7, 1990.

Decided July 2, 1990.

Patricia L. Blake, Jennifer J. Peregord (argued), Detroit, Mich., and Mark C. Jones, Asst. U.S. Atty., Flint, Mich., for plaintiff-appellee.

David W. Wright, Bloomfield Hills, Mich., for defendant-appellant.

Before KENNEDY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

KENNEDY, Circuit Judge.

Appellant Herbert Murray Stephens appeals the District Court's refusal to allow him to withdraw his plea for harboring and concealing a person from arrest in violation of 18 U.S.C. § 1071. He claims that he did not enter the plea "knowingly and intelligently" because he was unaware that his sentence would be based on the amount of drugs involved in the conspiracy charge of the person he was hiding. We find that appellant entered the plea agreement knowingly and intelligently and therefore AFFIRM the District Court.

Appellant's son, Todd Stephens, was charged with conspiracy to distribute cocaine and damaging a vehicle with explosives. Aware that a warrant for his son's arrest had been issued, he concealed his

son from the police in May and June of 1989. Following a federal grand jury indictment charging him with violating 18 U.S.C. § 1071, appellant entered into a written guilty plea agreement on August 23, 1989. The agreement provided that "any sentence of incarceration shall not exceed the mid-point limit of the guideline range that the court finds to be applicable." At the hearing when the plea was accepted, the court did not make any estimate of what that range would be and advised appellant that the maximum sentence was five years. Appellant stated that he was aware any representation of possible ranges by his attorney, the prosecutor, or probation officer would not be binding on the court's determination of sentence. Appellant was then scheduled to be sentenced on October 24, 1989.

Appellant filed a motion to withdraw his plea on October 12, 1989 after discovering the amount of cocaine involved in his son's conspiracy charge. Section 2X3.1 of the Sentencing Guidelines provides that the sentence for violating 18 U.S.C. § 1071 is determined by taking the base offense level of the underlying offense and reducing it by 6 levels. Appellant's base offense level was thus tied directly to his son's offense level, which was in turn determined by the amount of cocaine with which his son was involved or known by the son, or reasonably foreseen by him. Application Note 1, Sentencing Guidelines § 2D1.4. Appellant claims that at the time he entered his plea, he was not aware of the amount of cocaine with which his son was involved. After appellant entered into his plea agreement, his son pleaded guilty to the cocaine charge and, based on the amount he had trafficked in, his base offense level was set at 30. This made appellant's base offense level 24 and subjected him to a sentencing range of 46–57 months under the Guidelines. Sentencing was postponed and on October 31, the District Court held a hearing on the motion to withdraw. The District Court denied appellant's motion and accepted the plea and plea agreement, sentencing him to 51 months imprisonment, which was 9 months less than the statutory maximum. See 18 U.S.C. § 1071. Appellant maintains that his plea agreement and his plea were not entered into knowingly and intelligently because he was not aware of the quantity of drugs in the underlying offense and that he never would have pleaded guilty had he known he would be subject to such a long sentence.

Under Fed.R.Crim.P. 32(d), a court "may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Permitting a withdrawal is within the discretion of the district court, and we will reverse only for an abuse of that discretion. *United States v. Goldberg*, 862 F.2d 101, 103 (6th Cir.1988). The appellant has the burden of proving that withdrawal from a plea is justified. *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863, 109 S.Ct. 163, 102 L.Ed.2d 133 (1988).

Appellant argues that he did not knowingly and intelligently enter into the plea agreement because 1) he did not know his sentence would be tied to the amount of cocaine involved in his son's offense, and 2) even if he did know, he had no way of knowing what that amount would be because he entered into the plea agreement and entered his plea before his son was tried or pleaded guilty. Appellant contends his "unknowing" and "unintelligent" entry into the plea agreement constituted a fair and just reason for withdrawal and that the District Court's refusal to allow withdrawal was an abuse of discretion.

Appellant first argues that the District Court was required to inform appellant what the possible range of sentence would be and that section 2X3.1 of the Guidelines tied his sentence to the amount of cocaine involved in another case with another defendant of which appellant had no knowledge. Appellant says that because he was unaware of the amount of drugs involved in his son's case at the time he entered into the agreement, he could not have knowingly and intelligently chosen to plead. We disagree with appellant's argument. First, his contention that he was unaware that his ultimate sentence would be tied to the amount of drugs involved in his son's con-

spiracy charge [1] is belied by his counsel's statements at the hearing on his motion to withdraw the plea agreement. His counsel clearly indicated that in estimating appellant's probable Guideline range, they calculated it by assuming an amount of drugs involved in his son's offense:

[Appellant's Counsel]: ... I asked Mr. Stephens many times before we agreed to get into this Rule 11 what he thought the amount of cocaine was that his son may have been involved with. And Mr. Stephens indicated he really didn't know. I know I asked [the Assistant U.S. Attorney]. He told me he thought it was a substantial amount but I don't think it was ever told to me what the actual amount of the conspiracy with Todd was.

When we were figuring this out before the Rule 11 I can see [say(?)] I put to Mr. Stephens well let's assume that Todd's base level is a 20 which would have been not kilos we wouldn't be talking about [sic] and we figured it at that. I had no idea that it was going to be 30.

These statements stand as clear evidence that appellant and his counsel were fully aware that his sentence for harboring and concealing his son would be tied to the amount of cocaine involved in his son's conspiracy. We therefore hold to be without merit appellant's claim that he did not enter into the plea agreement knowingly and intelligently on the basis that he did not know his sentence would be tied to his son's base offense level under the Guidelines.

 Somewhat more difficult is appellant's second argument, which is that he could not have knowingly and intelligently entered into his plea agreement, even if he knew his sentence was tied to his son's base offense level, because at the time he entered his plea, he had no idea of how much cocaine was involved in his son's conspiracy. He claims that defendants sentenced under section 2X3.1 are "blindsided" when the base offense level for the underlying offense is determined *after* they enter a plea of guilty. Hence, they are deprived of knowing the direct consequence of their plea, which is essential to a finding that the pleas are entered knowingly and intelligently.

 We disagree with appellant's position. We first note that the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a "fair and just" reason to allow withdrawal of a plea agreement. *See United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir.1989); *United States v. Gonzalez*, 820 F.2d 575, 580 (2d Cir.1987) (per curiam). This is especially true under the new Sentencing Guidelines. *Sweeney*, 878 F.2d at 70 ("[The Sentencing Guidelines] reinforce our earlier decisions on the issue. Under the Guidelines there will be many more detailed hearings regarding imposition of sentence"). Appellant's counsel acknowledged at the hearing on the motion to withdraw that a mistake in estimating the Guideline sentence would not constitute a fair and just reason to withdraw the plea. It appears from the record that any lack of knowledge or intelligence in entering the agreement stems from his counsel's failure to accurately estimate the sentence.

We also find no abuse of discretion because appellant was adequately informed of the consequences of his plea, even if the specific Guideline range was not known by him. The plea agreement itself stated that his sentence would not exceed "the midpoint limit of the guideline range that *the court finds to be applicable.*" The court, however, did not estimate what that range would be, nor did it make any representation to appellant what it might be. The District Court did advise appellant that he faced a maximum sentence of five years imprisonment. Appellant acknowledged his understanding that any prediction of sentence under the Guidelines would not be binding on the court, even if the prediction

---

1. Appellant claims that "[t]he overall facts of this case, where Appellant pled not fully understanding that his criminal exposure was directly related to the amount of cocaine in his son's case and where he had no knowledge of the amount of drugs, nor the relevancy of the amount of drugs constitute a violation of the requirements enunciated for pleas by the Supreme Court."

was made by his counsel, the Assistant U.S. Attorney, or the probation officer. Moreover, the court explained the basic operation of the Guidelines, informing him that there was "a whole series of factors that will be then applied to a grid or a scale." After that, the following colloquy occurred:

THE COURT: [The plea agreement says] that I would ... impose a sentence that would not be more than the midpoint in the guideline range.... Do you understand that?

THE DEFENDANT: Yes.

MR. WRIGHT [Appellant's counsel]: Just so the Court understands, Your Honor, I have gone over with him all the necessary factors that I think would be applicable. We have various guideline ranges that we think the Court will adopt.

THE COURT: Right.

MR. WRIGHT: And he knows those. So it's not like we haven't even done that.

It is apparent that appellant knew, both from the four corners of the plea agreement, as well as from the statements made by the judge, that he would receive the mid-point of whatever sentence range would be applicable. The question, as we see it, is whether appellant "knowingly and intelligently" entered the plea agreement, notwithstanding that the terms of that agreement were open-ended. It is obvious that appellant knew the agreement did not guarantee him any particular sentence. It is also clear that he knew the maximum he could be sentenced to under 18 U.S.C. § 1071 was five years. Because appellant was fully aware that his ultimate sentence under the agreement was subject to later determination by the court based on a variety of factors at the time he entered into it, the fact that he did not know specifically that he would be subject to sentencing in the 46–57 month range does not mean that it was entered into unknowingly and unintelligently. Appellant was fully aware of the consequences of his plea—he would be sentenced to the mid-point of whatever range the Sentencing Guideline indicated. The fact that the range was not determined

beforehand, or was estimated incorrectly by his counsel, does not justify withdrawing the plea. Although he may have been unaware of the specific result once the Guideline was applied to him, he was aware of the consequences of entering into the plea agreement. We find no abuse of discretion in refusing to allow the withdrawal of the plea agreement.

Accordingly, the judgment of the District Court is AFFIRMED.