946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric SPIRES, Defendant-Appellant.
 No. 90-1864.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and BELL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant Eric Spires appeals his conviction based upon a guilty plea. He raises two issues on appeal:
 
 
 2
 1) Whether he was denied due process because his plea of guilty was not knowingly made; and
 
 
 3
 2) Whether the district court erred in its application of the sentencing guidelines?
 
 
 4
 For the reasons that follow, we affirm defendant's conviction.
 
 I.
 
 5
 On April 5, 1990, Eric Spires was charged in a five count indictment for drug and firearm violations under 21 U.S.C. § 841, and 18 U.S.C. §§ 922(g), 924(c). On April 12, 1990, he executed an acknowledgement of indictment stating that he understood that he faced a maximum sentence of life imprisonment for counts one and four. Pursuant to 21 U.S.C. § 851, the government filed an information on April 23, 1990, notifying Spires that under 21 U.S.C. § 841, he was subject to an enhancement of sentence as a result of two prior drug trafficking convictions. Spires and the government then entered into a Rule 11 plea agreement, and on May 21, 1990, Spires entered a guilty plea to counts one and five of the indictment.
 
 
 6
 During the plea hearing, Spires acknowledged that he understood that he was subject to a maximum sentence of life imprisonment and a minimum sentence of ten years. He filed objections to the presentence report, but at the hearing on his objections, he conceded that the guideline computation and the listing of his prior convictions were accurate. Spires urged the court to depart below the guideline range, but the court declined to do so and sentenced him as a career offender under U.S.S.G. § 4B1.1 to a period of confinement of 292 months.
 
 II.
 
 7
 Spires argues that his guilty plea was not knowingly made under the standard set out by the Supreme Court in Brady v. United States, 397 U.S. 742, 748 (1970). In Brady, the Court held that in order to satisfy the dictates of due process a guilty plea must be a voluntary, knowing, intelligent act. Id. At a minimum, the defendant must have a "sufficient awareness of the relevant circumstances and likely consequences" of his plea. Id.
 
 
 8
 Whether a plea of guilty is voluntary under the Due Process Clause is a question of federal law subject to de novo review. Marshall v. Lonberger, 459 U.S. 422, 431 (1983). Spires bases his constitutional claim on the following facts: that defense counsel mistakenly informed him that his sentence range under the sentencing guidelines was smaller than it turned out to be; that counsel incorrectly stated to him that at most he would receive a sentence of 120 months based on the statutory minimum of ten years; and that he was never advised of the specific enhancement provisions of U.S.S.G. § 4B1.1.
 
 
 9
 Even assuming the above facts to be true, defendant understood all the crucial facts about his future sentencing before he entered his plea. Under the terms of the plea agreement, he knew that his specific sentence would be determined by the court at the sentencing hearing; he was aware of both the maximum and the minimum sentences he could receive; and by virtue of the information filed by the government, he knew that his sentence would be subject to enhancement for his prior convictions, even though he may not have been aware of the specific enhancement provisions for career offenders under the sentencing guidelines.
 
 
 10
 As long as a defendant knows, before he enters his plea, the maximum sentence he can receive, due process does not require the court to inform the defendant of the specific sentencing guideline range that will be applied. United States v. Rhodes, 913 F.2d 839, 843-44 (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991); United States v. Stephens, 906 F.2d 251, 254 (6th Cir.1990). Spires' plea was knowingly made because he knew the maximum sentence he could receive and understood that his sentence was subject to enhancement for prior convictions.
 
 
 11
 Spires argues strenuously that the government's notice of possible sentencing enhancement pursuant to 21 U.S.C. § 851 was not sufficient to notify Spires of the probability of an enhancement under U.S.S.G. § 4B1.1, because enhancement is merely optional under the statute but is mandatory under the guidelines. He urges that due process requires the court to determine that a defendant understands the probability of enhancement under the guidelines before it accepts a guilty plea. This proposition is without support.
 
 
 12
 Under Brady, due process requires at a minimum that a defendant has a "sufficient awareness of the relevant circumstances and likely consequences" of his plea. Brady, 397 U.S. at 748. Spires was on notice that the government intended to seek an enhancement on the basis of two prior convictions. He also knew he would be subject to sentencing under the guidelines. Under these conditions, Spires was sufficiently aware of the relevant circumstances and likely consequences of his plea. His plea was therefore knowingly made.
 
 III.
 
 13
 At Spires' sentencing hearing, counsel for Spires urged the court to depart downward from the sentence determined under the guideline. The court declined to do so, but noted:
 
 
 14
 Mr. Fishman [counsel for Spires], I probably agree with a lot that you have said. And if there were no guidelines in this particular case, I think that you have argued correctly that I probably would not sentence the defendant to the extent that the guidelines require me to do.
 
 
 15
 Spires now argues that under this court's precedent in United States v. Davern, 937 F.2d 1041, 1045 (6th Cir.1991), the district court incorrectly applied the guidelines without first determining "whether the Commission's proposed level for the crime adequately takes into account the circumstances of the case in light of the need for a 'just punishment not greater than necessary.' " Id.
 
 
 16
 The application instructions for applying the guidelines contained in U.S.S.G. § 1B1.1 indicate that the court should wait until the very end of the nine-step sentencing process before determining whether a departure from the suggested guideline is appropriate on the ground that the case presents circumstances not adequately considered by the United States Sentencing Commission ("the Commission"). In Davern, this court held that this process is inconsistent with the governing statute, 18 U.S.C. § 3553(a), which requires the court to determine at the outset whether "a circumstance exists that would make the Guidelines inapplicable." Davern, 937 F.2d at 1045. Nevertheless, the court noted that the guidelines remain mandatory "if, but only if, in specifying the offense level to be applied the Commission took into account all of the aggravating and mitigating circumstances in the case." Id. at 1051.
 
 
 17
 Spires argues that the district court's statements at the sentencing hearing indicate that it believed that the sentence determined by the guidelines was greater than necessary and that therefore the court was not bound by the guidelines. Spires reads too much into both this court's opinion in Davern and the district court's statements in this case.
 
 
 18
 Davern does not stand for the broad proposition that the district court is not bound by the guidelines whenever it feels that the sentence produced by the guidelines is greater than necessary. Rather, it stands for the more limited proposition that the court is not bound by the guidelines if it determines at the outset that the case involves circumstances not taken into account by the Commission. Once the court concludes that such circumstances are present, it may then consider whether they render the sentence produced by the guidelines greater than necessary.
 
 
 19
 In this case, the district court did not conclude that the sentence was greater than necessary because of the presence of circumstances not taken into account by the Commission. Rather, the court simply commented that the guidelines attached a greater penalty to circumstances that the Commission took into account than the court would have attached if it were determining the sentence itself.
 
 
 20
 The guidelines impose a harsh penalty for career offenders. Spires argues that the Commission did not take into account the potential application of the career offender guideline to persons convicted of small scale drug offenses. This argument is without merit. Although the career offender guideline does not consider the amount of controlled substances involved in prior convictions, the very fact that it requires three felony convictions indicates that the Commission considered the severity of the crimes involved in the underlying convictions and concluded that three felony convictions were sufficient to justify the enhancement for career offender status. Spires presented the district court with no additional mitigating circumstances that might have taken his case out of the guidelines. The district court therefore did not err in its application of the career offender guideline in this case.
 
 IV.
 
 21
 For the foregoing reasons, we affirm Spires' conviction.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation