974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Thomas ARNWINE, Defendant-Appellant.
 No. 91-4134.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1992.
 
 Before MARTIN and SILER, Circuit Judges, and CLELAND, District Judge.*
 PER CURIAM.
 
 
 1
 On May 15, 1991, Gary Thomas Arnwine was indicted on four related drug offenses. Arnwine appeals his sentence. For the following reasons, we affirm Arnwine's sentence.
 
 
 2
 Pursuant to a written plea agreement, Arnwine pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Arnwine alleges that the probation officer filed two different pre-sentence reports with the court and that his decision to enter a plea was based on the first report. The first report was prepared in conjunction with his plea agreement and recommended a level-32 sentencing range of twelve years and seven months to fifteen years and eight months. The actual pre-sentence report forms the basis for Arnwine's appeal. As a result of conversations with Arnwine, the probation officer who prepared the official pre-sentence report listed Arnwine as a career offender based on two prior convictions.
 
 
 3
 As a result of his career-offender status, Arnwine's base level was increased to level 37 and then reduced two levels to level 35, based on acceptance of responsibility. A base offense level of 35 carries a sentencing range of twenty-four years and four months to thirty-two years and eleven months. The court accepted the official pre-sentence report and sentenced Arnwine to nineteen years and ten months.
 
 
 4
 On appeal, Arnwine argues that he did not "knowingly" enter into the plea agreement as required by Fed.R.Crim.P. 11(c) because his acceptance of the plea agreement was significantly based on the recommended level (level 32) and he was not fully informed of the possibility that the sentencing level could be increased. Arnwine also argues that his right to due process was violated because the use of the second pre-sentence report "shocks the conscience."
 
 
 5
 We must accept the findings of fact that underlie the district court's sentencing decision unless the findings are clearly erroneous. 18 U.S.C. § 3742(e). See also United States v. Todd, 920 F.2d 399, 408 (6th Cir.1990). A district court's findings of fact are not clearly erroneous unless we are left with a definite and firm conviction that the district court has made a mistake. See Anderson v. City of Bessemer City, 470 U.S. 564, 573 (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)). This court must also give due deference to the district court's application of the sentencing guidelines to the facts. 18 U.S.C. § 3742(e).
 
 
 6
 On appeal, Arnwine does not seek to change his plea of guilty and only challenges the district court's application of the sentencing guidelines. Accordingly, we examine the district court's findings of fact to determine whether they are clearly erroneous. Arnwine qualifies as a career offender based on his prior convictions. The district court correctly applied the sentencing guidelines and arrived at a sentence within the guidelines. We find that the district court was not clearly erroneous in sentencing Arnwine to nineteen years and ten months.
 
 
 7
 Use of the probation officer's pre-sentence report does not shock the conscience; therefore, we reject Arnwine's claim of a violation of due process. Arnwine freely admitted his prior convictions to the probation officer, who properly used the information in preparing the second pre-sentence report. A plea is not rendered involuntary merely because counsel incorrectly predicts the guideline range, see United States v. Stephens, 906 F.2d 251, 253 (6th Cir.1990), and due process is not violated in a plea agreement if the defendant knows of the possible sentence, United States v. Barrett, 890 F.2d 855, 864-65 (6th Cir.1989).
 
 
 8
 For the foregoing reasons, we affirm the district court.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation