980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mounir AWAD, Defendant-Appellant.
 No. 91-1856.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1992.
 
 Before SILER, BATCHELDER and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This pro se defendant, Mounir Awad (Awad/defendant), appealed from his denial of his motion to correct his sentence, or in the alternative, to withdraw his plea of guilty. On September 28, 1990, the defendant was charged in a Superseding Indictment with one count of conspiring to defraud the government in violation of 18 U.S.C. § 371, when he and other persons fraudulently acquired food stamp coupons by paying cash for said coupons, rather than obtaining them in exchange for eligible food items. Awad entered a plea of guilty to count one of the Superseding Indictment on February 25, 1991. He did not enter into a Rule 11 plea agreement.
 
 
 2
 Awad retained counsel to represent him at oral argument in the instant appeal. In his first assignment of error, defendant asserted that defense counsel was ineffective because he estimated that Awad would receive 21-27 months of imprisonment, which was the estimated sentencing guideline range of the unconsummated plea agreement, if he pleaded guilty to the charged offense. Although the defendant failed to assert ineffective assistance of counsel to the court below, this circuit will review this claim on appeal because the record is adequate to assess the merits of the defendant's allegations. United States v. Wunder, 919 F.2d 34, 37 (6th Cir.1990). In order to prove that counsel was ineffectual, defendant must prove that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). However, counsel's alleged inaccurate prediction of the sentencing guideline range, standing alone, does not constitute ineffective assistance of counsel. United States v. Turner, 881 F.2d 684, 687 (9th Cir.), cert. denied, 493 U.S. 871 (1989). Moreover, as long as the defendant understood the maximum length of time he might possibly receive, he was fully aware of his plea's consequences. United States v. Rivera, 898 F.2d 442, 447 (5th Cir.1990).
 
 
 3
 In the instant action, defense counsel stated at the Rule 11 hearing that he had reviewed the sentencing guidelines with the defendant and that he and the government had discussed their respective sentencing computations with the defendant. The court subsequently advised the defendant that the computation made by the probation department would determine his sentence, and that the sentence ultimately imposed by the court would not necessarily be similar to the estimated guideline range explained to him by his counsel or the government. The defendant testified that he understood this. Moreover, the court informed the defendant that it had the authority to impose a sentence more or less severe than the sentence called for in the guidelines, and that his maximum sentence could be five years of imprisonment. Again, the defendant testified that he understood. Accordingly, the defendant failed to prove that his counsel was ineffectual or that he did not understand the consequences of his plea.
 
 
 4
 Awad further charged that the court abused its discretion when it denied his motion to withdraw his guilty plea because he received a higher sentence than expected. The permission to withdraw a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). A district court may permit withdrawal of a guilty plea prior to sentencing upon a showing by the defendant of a "fair and just reason." Fed.R.Crim.P. 32(d). As stated in United States v. Stephens, 906 F.2d 251, 253 (6th Cir.1990), an incorrect estimate of a sentence by an attorney is not a "fair and just" reason to allow withdrawal of a plea.
 
 
 5
 Moreover, the defendant argued that the district court failed to advise him of the applicable sentencing guideline range before he offered his plea of guilty. Federal Rule of Criminal Procedure 11 requires that before accepting a guilty plea, a court must inform the defendant of and ensure that the defendant understands the nature of the charges against him, the mandatory minimum penalty, if any, and possible maximum penalty provided by law, including the effect of any special parole or supervised release. Any variance from this procedure which does not affect substantial rights constitutes harmless error. United States v. Stead, 746 F.2d 355 (6th Cir.1984), cert. denied, 470 U.S. 1030 (1985).
 
 
 6
 In the instant action, the sentencing court complied with the requirements of Rule 11, i.e., it informed the defendant of the maximum possible penalty for the charged offense and that the defendant would not be released on parole if sentenced to prison. The court was not required to advise the defendant of a specific applicable guideline range before he entered his guilty plea. Stephens, 906 F.2d at 253.
 
 
 7
 Awad further asserted that the district court failed to explain the nature of the charge to which he pleaded guilty. Rule 11(c) requires that the court must inform the defendant of the nature of the charge to which the plea is offered. Where the crime is easily understood, this circuit has held that a reading of the indictment or even a summary of the charges in the indictment and an admission by the defendant is sufficient to establish a factual basis under Rule 11. United States v. Edgecomb, 910 F.2d 1309, 1313 (6th Cir.1990).
 
 
 8
 The record disclosed that the court defined the elements of the offense and that the defendant responded five times during the hearing that he understood the court's explanation of the charges. After the court read the indictment to the defendant which charged that the defendant conspired to defraud the United States, the defendant stated that he understood the charges against him as stated in the indictment. Although the defendant denied that he directed the co-conspirators to purchase the food stamps, he did admit that he knew they purchased the stamps at his stores and that he directly benefitted from the purchases. Accordingly, the nature of the charges was explained to the defendant and factually supported in accordance with Rule 11(c)(1). Defendant's remaining assignments of error are equally without merit.
 
 
 9
 After reviewing the briefs, arguments of counsel, and the record in its entirety, the disposition of the district court is hereby AFFIRMED.