983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tommie L. FEARS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3358.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1992.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Tommie L. Fears, a federal prisoner, appeals through counsel the denial of his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fears entered a guilty plea to one count of possession with intent to distribute cocaine base, and was sentenced to twenty-one months imprisonment and three years supervised release. Three other counts were dismissed under the plea agreement. In this collateral attack on his conviction, he raised numerous arguments, all of which were rejected by the district court in its denial of the motion. On appeal, he makes three arguments in support of his claim that his plea was involuntary: 1) that the court did not establish a factual basis for the plea, 2) that the court did not explain the mandatory minimum sentence, and 3) that the court did not explain how "relevant conduct" would affect the sentence.
 
 
 3
 Upon review, it is concluded that this motion was properly denied without an evidentiary hearing, as the record shows conclusively that the movant is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). A review of the plea transcript reveals that the district court did establish a factual basis for the plea, and that Fears was aware of the maximum sentence of twenty years and that there was no agreement as to the sentence. Under the circumstances, it is apparent that the plea was voluntary. See United States v. Stephens, 906 F.2d 251, 253 (6th Cir.1990). There is no mandatory minimum sentence for the conviction here.
 
 
 4
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.