9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas E. SMITH, Defendant-Appellant.
 No. 92-6237.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: BOGGS and SILER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Thomas E. Smith appeals his conviction and sentence following his guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). Subsequent to the plea, the probation officer prepared a presentence report, after which a motion to withdraw the plea of guilty was filed by defendant. The district court denied the motion and sentenced defendant to 100 months imprisonment, followed by three years supervised release, pursuant to the United States Sentencing Guidelines ("Guidelines"). For the following reasons the district court's decision is AFFIRMED.
 
 I.
 
 2
 On November 14, 1991, defendant was arrested for being a convicted felon in possession of a .22 magnum derringer. Defendant's court-appointed attorney met with him to discuss his rights and responsibilities concerning the charges. Defense counsel then discussed a plea agreement with the government. Defendant contends that during this discussion, counsel determined that the defendant would be sentenced using a base offense level between 12 to 14 and a criminal history category of VI, resulting in a sentencing range of 30 to 47 months imprisonment.
 
 
 3
 On June 30, 1992, defendant entered into a written plea agreement which stated, in relevant part:
 
 
 4
 (a) The Court may impose any lawful term of imprisonment;
 
 
 5
 (b) The Court may impose any lawful fine and/or;
 
 
 6
 (c) The Court may impose any lawful term of probation or supervised release.
 
 
 7
 The agreement also contained a statement acknowledging defendant's understanding that "the Court will determine the appropriate sentence under the Sentencing Guidelines and that this determination will be based upon the entire scope of the defendant's criminal conduct."
 
 
 8
 On August 24, 1992, the probation officer presented a presentence report in which defendant's sentence was calculated using a base offense level of 26. Upon receiving the presentence report, defense counsel contacted the probation officer to question the discrepancy between counsel's and the presentence report's sentence calculations. Defense counsel had advised defendant using the November, 1990 Guidelines instead of the applicable November, 1991 Guidelines. However, before the plea of guilty was entered, defense counsel was told by the assistant United States attorney that the guidelines had been amended to raise the base offense level from 12 to 14 and that counsel should consult with the probation office if he wanted an accurate estimate of the guidelines. The November, 1991 Guidelines raised the base offense level from 12 to 14 for a Sec. 922(g) conviction. Moreover, with two prior felony convictions of either a crime of violence or a controlled substance offense, the base offense level went to 24. That was raised to 26 because the firearm was stolen. Sec. 2K2.1(b)(4). As a result, defendant filed a motion to withdraw his guilty plea, pursuant to Fed.R.Crim.P. 32(d). He stated that he entered his plea on the assumption that his base offense level under the Guidelines would be approximately 12 to 14 while, in fact, his base offense level turned out to be 26.
 
 
 9
 At the motion hearing, the district court noted that if defendant withdrew his guilty plea and was convicted after trial, he would be subject to a higher offense level and sentence range (120-150 months as opposed to 100-120 months for the guilty plea). The court denied the motion to withdraw, relying on both the law and the "best interest" of defendant in view of the likelihood that he would be convicted by a jury.
 
 II.
 
 10
 Withdrawal of a guilty plea is not an absolute right but is a matter within the broad discretion of the sentencing court. United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978). This court will reverse a denial of a withdrawal motion only for an abuse of discretion. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988).
 
 Rule 32(d) provides as follows:
 
 11
 If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.
 
 
 12
 The defendant has the burden of establishing the "fair and just reason" supporting withdrawal of a guilty plea. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). To determine whether a defendant has met this burden, the sentencing court will consider the totality of the circumstances. Berry v. Mintzes, 726 F.2d 1142, 1146 (6th Cir.), cert. denied, 467 U.S. 1245 (1984).
 
 
 13
 This court recently recognized that an incorrect estimate or material misrepresentation of sentence by counsel does not automatically mandate a withdrawal of a guilty plea in Stephens, 906 F.2d at 252. Therefore, even if the defendant "may have been unaware of the specific result once the Guideline was applied to him, he was aware of the consequences of entering into the plea agreement." Id. at 254. Accord United States v. Sweeney, 878 F.2d 68 (2d Cir.1989).
 
 
 14
 The plea agreement signed by defendant expressly provided that defendant could receive any lawful term of imprisonment and/or any lawful term of supervised release as determined under the Guidelines. In addition, defendant was informed and acknowledged under oath that he understood: (1) that the court would determine the appropriate sentence under the Guidelines; and (2) that the actual sentence would not be determined until the presentence report was prepared. At the time the plea of guilty was entered, the district judge asked defendant if he understood the elements of the charged offense and the effects of his guilty plea to the offense. Both defendant and his counsel expressly indicated to the court that they understood the charges and the plea agreement as well as the sentencing possibilities. Thus, defendant voluntarily and intelligently entered into the plea agreement. For these reasons, the district court's denial of defendant's motion was not an abuse of discretion.
 
 III.
 
 15
 A delay in filing a motion to withdraw weighs heavily against granting the motion. Goldberg, 862 F.2d at 103-04. Defendant entered his guilty plea on June 30, 1992. He did not file his motion to withdraw until August 31, 1992, after he received the presentence report which contained the sentencing range of 100-120 months imprisonment. Thus, his motion to withdraw was filed as a result of his disappointment in the possible sentence. This was not sufficient grounds to support the withdrawal motion.
 
 IV.
 
 16
 Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation