28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Jerome ROBINSON, Jr., Defendant-Appellant.
 No. 93-4127.
 United States Court of Appeals, Sixth Circuit.
 June 28, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction obtained upon the defendant's plea of guilty. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Ronald Jerome Robinson, Jr., pleaded guilty to use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c), and to distribution of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Robinson to an aggregate ninety-three month term of imprisonment, a three year period of supervised release and a fifty dollar special assessment for each count. This appeal followed. Counsel for Robinson filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Although Robinson was served with this motion, he has not filed a response.
 
 
 3
 In August 1992, two different informants told Columbus, Ohio, narcotics officers that Robinson had sold them crack cocaine and that he had a handgun on his person during the transactions. Officers raided Robinson's dwelling the next day and apprehended him in possession of 11 unit doses of crack cocaine. They also found a semi-automatic .38 calibre pistol on the floor of his living room.
 
 
 4
 Robinson was subsequently the subject of a three count federal indictment. He entered into a plea agreement that contemplated inter alia the government dropping one of the three counts. On February 16, 1993, Robinson appeared before the district court and formally admitted his guilt in the context of a Fed.R.Crim.P. 11 plea colloquy. The court accepted his plea and continued the matter pending a presentence report.
 
 
 5
 On June 17, 1993, Robinson moved to withdraw his plea only as to Count 2, use of a firearm during a drug transaction. Robinson contended that his scheduled debriefing was unduly delayed, that this acted to deny him the opportunity to earn sentence guideline credit for cooperation under U.S.S.G. Sec. 5K1.1, and that his plea was thus based on a mistake of fact. In addition, Robinson claimed that there were some inconsistencies in the statements of the arresting officers. This motion was filed through trial counsel and was accompanied by counsel's motion to be permitted to withdraw representation. The district court ultimately denied these motions.
 
 
 6
 In keeping with the duty imposed by Anders, counsel for Robinson suggests that it may have been error for the district court to deny Robinson's motion to withdraw his guilty plea to Count 2, use of a firearm under 18 U.S.C. Sec. 924(c). Fed.R.Crim.P. 32(d) permits a defendant to withdraw his plea before sentence upon a showing of "any fair and just reason." A decision not to permit withdrawal will be reviewed for an abuse of discretion. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). A district court may consider: 1) whether the defendant has consistently maintained his innocence, 2) the elapsed time between the plea and the motion to withdraw, 3) why the motion wasn't presented earlier, 4) the circumstances surrounding the plea, including whether the defendant has admitted his guilt, and 5) the potential prejudice to the government if the motion is granted. United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988). Of these, the length of time that has elapsed is a major factor. United States v. Spencer, 836 F.2d 236, 239 (6th Cir.1987).
 
 
 7
 This claim lacks merit. Rather than maintain his innocence, Robinson in fact admitted his guilt in open court and under oath to the crimes charged. The government indicated in response to Robinson's motion that they were willing, even at that time, to conduct a debriefing. Finally, the elapsed time between Robinson's plea and motion to withdraw was four months. This court has approved decisions to deny plea withdrawal where shorter periods of time were involved. See, e.g., Spencer, 836 F.2d at 239 (affirming denial of motion to withdraw plea filed only five weeks after plea). The district court did not abuse its discretion in rejecting Robinson's request to withdraw his plea.
 
 
 8
 No other error is apparent. The language of the information tracks that of the statute and Columbus lies within the Southern District of Ohio. 28 U.S.C. Sec. 115(b)(2). Jurisdiction thus does not appear to be an issue in this case and Robinson's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 9
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c). The court ascertained the factual basis for the plea, accurately related the maximum penalties to which Robinson would be exposed and determined that he was not under the influence of any drugs. There does not appear to be any defect in the plea proceedings. The district court sentenced Robinson at the low end of the guideline range on Count 3 and the court had no discretion to impose a lesser sentence on Count 2. The appeal lacks merit.
 
 
 10
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.