47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alexander NEWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1818.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1995.
 
 Before: JONES, CONTIE and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Alexander Newell appeals from the decision to deny his motion to vacate sentence, filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In 1990, Alexander Newell pleaded guilty to conspiracy to possess with intent to distribute and to distribution of cocaine, in violation of 18 U.S.C. Secs. 841(a)(1), and 846, and received a 168 month term of imprisonment. Newell's conviction (along with that of his brother) was affirmed on appeal. United States v. Newell, Nos. 91-1322/1692, 1992 WL 259365 (6th Cir. Oct. 5, 1992) (unpublished per curiam), cert. denied, 113 S. Ct. 1657 (1993).
 
 
 3
 In 1994, Alexander Newell filed a motion to vacate sentence under 28 U.S.C. Sec. 2255 in which he challenged the constitutionality of the conviction and the sentence. The government responded and the district court ultimately denied the relief sought. This appeal followed. The parties have briefed the issues; Newell is proceeding without benefit of counsel.
 
 
 4
 Newell set forth two substantive grounds for relief in his motion to vacate sentence and further argues on appeal that he was entitled to an evidentiary hearing at the district court level. The record reflects that Newell's motion was properly denied without an evidentiary hearing, that he has abandoned one of his original claims on appeal and that the remaining ground does not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 5
 Newell was indicted for his part in an extensive cocaine distribution ring operating in the Detroit area. After indictment, Newell was willing to plead to conspiring with others but was unwilling to admit to the exact amount of cocaine distributed by the group. The district court later conducted an evidentiary hearing at which it determined that the conspiracy involved in excess of fifty (50) kilograms of cocaine. Newell reasserted his claim at sentencing that he did not believe he should be, or was going to be, held accountable for the entire fifty kilograms:
 
 
 6
 I would like to just say when I pleaded guilty on November 13th, it was in my mind that they was going to base my time on the quantity of drugs that I was dealing in, which I haven't heard no one or one person out of six witnesses get up there and say my name only one time. And I don't see no other evidence.
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 I didn't say that I doesn't do wrong. I did do wrong, but I'm saying my time was going to be based on the quantity that -- this is what I was told. Other than that, I wouldn't have plead guilty. I wouldn't have plead guilty. I would have went to court.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 It was my -- it was put to me that my time was going to be based on the quantity that I, me, me, not no one else, me, was dealing in. And I don't see no evidence of that sort nowhere.
 
 
 13
 Jt. App. 123-23.
 
 
 14
 On direct appeal, Newell contended that his guilty plea was involuntary in that he entered into it without a full understanding of the consequences. Specifically, Newell reiterated that he did not realize he was admitting his involvement with the total amount of cocaine dealt with by the conspiracy in its entirety. In response, the panel stated:
 
 
 15
 While [it is] clear that Alexander Newell did not choose to admit to distribution of more than five kilograms of cocaine, he did plead guilty to involvement in a conspiracy to distribute. Further, he agreed to allow the trial court to serve as factfinder with regard to the amount of drugs at issue. As the record indicates, defendant knowingly and intelligently entered into a plea agreement, reserving some determinations for the trial court. That these determinations resulted in a sentence higher than the one for which he hoped does not render his decision to plead guilty any less voluntary. United States v. Stephens, 906 F.2d 251, 254 (6th Cir. 1990).
 
 
 16
 Newell, slip op. at 6. The panel went on to note that testimony adduced "firmly establishes" Newell's role in the conspiracy and that the testimony of one witness, Derrick Johnson, tied Newell to transactions involving more than fifty kilograms of cocaine. Id. at 7 & 9.
 
 
 17
 Newell set forth two grounds for relief in his Sec. 2255 motion. The first claim is another assault on the voluntariness of his guilty plea. Although couched in hybrid terms implicating both the involuntary nature of the plea and ineffective assistance of counsel, it is essentially based on his alleged lack of knowledge that his sentence would be based on the total amount of drugs trafficked in by the entire conspiracy. Newell's second claim is that he was sentenced in contravention of constitutional ex post facto guarantees. The district court summarily denied the relief sought. The court concluded that Newell could not question the voluntary nature of the plea as that claim had been addressed and rejected on direct appeal by the Sixth Circuit.
 
 
 18
 On appeal, Newell advances two assignments of error. The first, again dealing with the voluntary nature of his plea, nevertheless is structured as an ineffective assistance of counsel claim. The second claim is that the district court erred in denying the motion without first conducting an evidentiary hearing. There is no mention of the ex post facto claim.
 
 
 19
 The appeal lacks merit. It is initially noted that issues raised in the district court, but not on appeal, are considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir. 1991), cert. denied, 112 S. Ct. 1481 (1992). Consequently, Newell's failure to advance his ex post facto claim on appeal means it has been abandoned.
 
 
 20
 Newell's continued attack on the voluntariness of his guilty plea is meritless whether or not it is construed as an attack on the plea or counsel's performance. On appeal, Newell gives his claim a slightly different emphasis, that is, he now contends the chief defect in his conviction was ineffective assistance of counsel. He states that he based his decision to plea on the representation that the prosecution would have to prove the sentencing factor (drug quantity) beyond a reasonable doubt. Had he only known, Newell continues, that the prosecution need only prove drug quantities by a preponderance of the evidence, he would have insisted on going to trial.
 
 
 21
 Even assuming the accuracy of Newell's assertion, the gravamen of Newell's complaint remains the same; he never thought his sentence would be calculated with reference to the entire amount of the cocaine attributable to the conspiracy as a whole. As the district court observed, however, it is clear the core of this very claim was considered on direct appeal and emphatically rejected, burdens of proof notwithstanding. "[Newell] knowingly and intelligently entered into a plea agreement, reserving some determinations for the trial court. That these determinations resulted in a sentence higher than the one for which he hoped does not render his decision to plead guilty any less voluntary." Newell, slip op. at 6. Issues raised and considered on direct appeal may not be relitigated in a Sec. 2255 motion to vacate absent extraordinary circumstances not presented here. Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir. 1974) (per curiam), cert. denied, 423 U.S. 861 (1975). Moreover, even if the court were to consider the merits of this claim, it is clear that it is totally unsupported in fact or law. As the record conclusively shows that Newell was not entitled to relief, Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the district court's decision not to conduct an evidentiary hearing was not error.
 
 
 22
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.