81 F.3d 162
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William STANLEY, Defendant-Appellant.
 No. 95-3631.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1996.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1994, William Stanley was charged with carjacking in violation of 18 U.S.C. § 2119 and unlawful use of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1). A jury trial was commenced in February, 1995. Following the testimony of several government witnesses, Stanley chose to plead guilty to both charges.
 
 
 2
 After being informed that Stanley wished to change his plea, the district court advised Stanley of his constitutional rights. Stanley acknowledged the waiver of his constitutional rights, admitted committing the crimes for which he was charged, and acknowledged that his plea was free from threats or promises.
 
 
 3
 Prior to the imposition of his sentence, Stanley moved to withdraw his guilty plea for various reasons. The district court subsequently denied the motion and sentenced Stanley to 197 months of incarceration, five years of supervised release, and mandatory drug and alcohol treatment. Stanley was required to pay a $100.00 special assessment and provide restitution to the victim. It is from this sentence that Stanley appeals.
 
 
 4
 Stanley contends that the district court erred by not permitting him to withdraw his plea before sentencing. The district court's denial of a motion to withdraw a plea is reviewed under the abuse of discretion standard. United States v. Bashara, 27 F.3d 1174, 1180 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995). The defendant has the burden of proving that the withdrawal is justified. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). In order to obtain a withdrawal, a defendant must show fair and just reason for his motion. Fed.R.Crim.P. 32(e); Bashara, 27 F.3d at 1180.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion in denying Stanley's motion as Stanley has failed to show "fair and just reason" for his motion. Bashara, 27 F.3d at 1180.
 
 
 6
 Stanley argues that the district court erred by imposing a six level increase in his sentence due to the nature of the injuries sustained by the victim. Under USSG § 2B3.1(b)(3), a six level increase is imposed if the victim suffered permanent or life threatening bodily injury. Stanley shot the victim during the crime. As a result, the victim lost his spleen and left kidney. The victim spent twenty-six days in the hospital and has an inoperable bullet lodged next to his spine which causes numbness in the left leg. Stanley's argument is meritless. See United States v. Poindexter, 44 F.3d 406, 409 (6th Cir.), cert. denied, 115 S.Ct. 2009 (1995).
 
 
 7
 Finally, Stanley contends that he was not provided his right to speak to the court as required by Fed.R.Crim.P. 32(c)(3). A defendant and his attorney must be given an invitation to speak during sentencing. United States v. Riascos-Suarez, 73 F.3d 616, 627-28 (6th Cir.1996). The record shows that Stanley and his attorney were given three opportunities to speak to the court during the sentencing hearing and chose to do so on two of these occasions.
 
 
 8
 Accordingly, we affirm the district court's judgment.