**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose CASTILLO–PARTIDA,**
**Defendant–Appellant.**

**No. 02–2225.**

United States Court of Appeals,
Sixth Circuit.

Oct. 24, 2003.

Before BOGGS, Chief Judge;
GIBBONS, Circuit Judge; and GWIN,
District Judge.*

*ORDER*

This is a direct appeal from a criminal judgment and commitment order in which counsel for the defendant moves to withdraw representation on appeal. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Jose Castillo–Partida was indicted for having illegally re-entered the United States. The district court thereafter found Castillo–Partida guilty on his plea to illegal re-entry after deportation, in violation of 8 U.S.C. § 1326. The court sentenced Castillo–Partida to a fifty-seven month term of imprisonment and a three year period of supervised release. This appeal followed. Counsel for Castillo–Partida filed a motion to withdraw from this appeal and filed a "no merit" brief pursuant to Rule 101(f), Rules of the Sixth Circuit and *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Castillo–Partida was served with this motion and a copy of the brief and he filed a pro se brief.

Mexican national Castillo–Partida was married and living in Michigan when he was indicted in March 2002 for having illegally re-entered the United States after deportation. Castillo–Partida entered into a plea agreement shortly thereafter. Castillo–Partida agreed to plead guilty to the indictment, an agreement that encompassed an admission that he had previous-

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

ly committed an aggravated felony, was deported, and had re-entered the United States without permission from the Attorney General. The United States Attorney agreed to recommend a three-level downward adjustment in Castillo–Partida's base offense level for acceptance of responsibility. The United States Attorney also agreed that Castillo–Partida would be sentenced to no more than the mid-point of the applicable guideline sentencing range to be determined by the court. Castillo–Partida committed not to appeal the legality or constitutionality of the sentencing guidelines, and the parties jointly estimated that the sentencing range would be forty-six to fifty-seven months.

The parties met before the district court for the formal plea colloquy of Fed. R.Crim.P. 11(b). Castillo–Partida was provided with an interpreter, and the court ascertained that Castillo–Partida was competent to enter a plea and that he was satisfied with his attorney's assistance. The court elicited the terms of the plea agreement and found that Castillo–Partida was entering the plea voluntarily. The court explained to Castillo–Partida the constitutional protections to which he was entitled, established a factual basis for the plea, and accepted the plea. The matter was set for sentencing.

The parties met for sentencing following the completion of a pre-sentence report. Castillo–Partida was again provided with an interpreter, and both sides stated for the record that there were no objections to the findings or recommendations contained in the pre-sentence report. The court summarized the calculations supporting a guideline range of fifty-seven to seventy-one months (base offense level of twenty-one and a criminal history category of IV), and the parties did not register any objections. The district court heard from Castillo–Partida and his counsel and sentenced Castillo–Partida to the lowest end of the fifty-seven month range with a three year period of supervised release.

On appeal, counsel for Castillo–Partida submitted a brief in which she reviewed the entire proceedings and concluded that there was no arguable error for appeal. A plea is valid if it was made voluntarily and intelligently in light of all the circumstances. *Caudill v. Jago*, 747 F.2d 1046, 1050 (6th Cir.1984). The proceedings are reviewed for substantial compliance with Fed.R.Crim.P. 11 and will not be disturbed unless the substantial rights of the defendant have been adversely affected. *See* Fed.R.Crim.P. 11(h) ("variance from the requirements of this rule is harmless error if it does not affect substantial rights"); *United States v. Stead*, 746 F.2d 355, 356 (6th Cir.1984). A comparison of the plea transcript with Criminal Rule 11, as outlined above, shows the district court's literal compliance with the dictates of Rule 11 and its efforts to provide Castillo–Partida with a meaningful dialogue in this context. The agreement to sentence Castillo–Partida at the "mid-point" of a guideline range to be determined by the district court does not affect the voluntary nature of the plea. *See United States v. Stephens*, 906 F.2d 251, 253–54 (6th Cir.1990). Castillo–Partida's valid guilty plea means that he may not now raise any pre-plea issues for appellate review. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). There is no reason given and no apparent reason to disturb the plea.

There is likewise no error in the sentence on appeal. Castillo–Partida's pro se brief sets forth an issue concerning the computation of the criminal history category. Neither Castillo–Partida nor his counsel, however, made any objections to the guideline computations nor the sentence imposed. "A defendant waives the right to appeal an application of the Sentencing

Guidelines when he fails to object in the trial court." *United States v. Ukomadu,* 236 F.3d 333, 340 (6th Cir.2001). The punishment imposed, fifty-seven months, was at the lowest end of the applicable guideline range and was seven months less than the "mid-point" sentence that was the maximum under the terms of the plea agreement.

Accordingly, the motion to withdraw representation is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.