**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Karlton F. STANLEY, Defendant–**
**Appellant.**

No. 03–5133.

United States Court of Appeals,
Sixth Circuit.

March 3, 2004.

---

11. This enhancement appears to be based on the sexual assault discussed above and at J.A. 338.

Tammy Owens Combs, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Christopher H. Stegar, Miller & Martin, Chattanooga, TN, for Defendant–Appellant.

Before SILER, MOORE, and SUTTON, Circuit Judges.

## ORDER

Karlton F. Stanley appeals his conviction for distributing more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a search of his home, Stanley was indicted by a grand jury on six counts of drug-trafficking and firearm-related offenses. The district court denied Stanley's motion to suppress the evidence seized during the search, and accepted Stanley's guilty plea a few days later, on August 5, 2002, to the one count described above. Stanley's plea agreement provided for the dismissal of the other counts, but contained no recommendations as to a sentence. His guideline range of imprisonment thereafter was calculated in the presentence investigation report (PSR) as 168 to 210 months. Between October 30, 2002, and January 3, 2003, and before sentencing had occurred, Stanley filed a series of unsuccessful motions to withdraw his plea. At sentencing, the district court sustained Stanley's objections to the PSR, revised the guideline range downward to 121 to 151 months, and sentenced Stanley to 151 months in prison and 5 years of supervised release. Judgment was entered on January 21, 2003.

Stanley has filed a timely appeal, asserting that the district court erred by denying his motions to withdraw his plea and that his original trial counsel, who was replaced before sentencing, had rendered ineffective assistance of counsel.

Upon review, we conclude that the district court did not abuse its discretion by denying Stanley's motions to withdraw his guilty plea. See United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990).

Under Fed.R.Crim.P. 11(d), a district court may permit a defendant to withdraw a guilty plea before sentencing if the defendant shows "any fair and just reason." See Fed.R.Crim.P. 11(d) (formerly at Fed. R.Crim.P. 32(e)). The purpose of permitting a defendant to withdraw a guilty plea is to "allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991) (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984)). In United States v. Bashara, 27 F.3d 1174 (6th Cir.1994), this court listed seven factors to consider in evaluating a motion to withdraw a guilty plea: 1) the amount of time between the plea and the motion to withdraw; 2) the defendant's reason for not moving to withdraw earlier; 3) whether the defendant has asserted or maintained his innocence; 4) the circumstances underlying the entry of the guilty plea; 5) the defendant's nature and background; 6) the

defendant's prior experience with the criminal justice system; and 7) potential prejudice to the government if the motion to withdraw is granted. *Id.* at 1181; *see also United States v. Mader,* 251 F.3d 1099, 1105 (6th Cir.2001).

The district court did not abuse its discretion by denying Stanley's motions to withdraw his plea. Review of the district court's decisions as a whole shows that the court properly applied and balanced the factors set forth in *Bashara* and quoted in *Mader.* Although the district court found that there would be no unusual prejudice to the government, the court concluded that the other factors weighed against granting the motion. The amount of time that elapsed between the time of Stanley's guilty plea and the first motion to withdraw was excessive because Stanley did not file his first motion until 86 days after his guilty plea. *See United States v. Spencer,* 836 F.2d 236, 239 (6th Cir.1987) (five weeks was excessive); *Carr,* 740 F.2d at 345 (22 days after plea and 3 days before sentencing was excessive). Stanley did not give any reason for his delay in his first two motions and had only sought to withdraw his plea after learning from the PSR that his sentence might be more substantial than he expected. He did not maintain his innocence, but confirmed the government's factual basis at his plea hearing and stated that he was pleading guilty because he was guilty. Review of the circumstances of the plea showed that Stanley did not enter his plea until the district court denied his motion to suppress, and any erroneous advice by counsel about the potential sentence was cured by the court's advice at the plea hearing. Finally, the court commented that Stanley had an extensive criminal background. We find no error in the district court's reasoning.

We decline to consider Stanley's claim of ineffective assistance of counsel. Claims of ineffective assistance are disfavored on direct appeal and are more appropriately brought by filing a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 1694–95, 155 L.Ed.2d 714 (2003); *United States v. Carr,* 5 F.3d 986, 993 (6th Cir.1993).

Accordingly, the district court's judgment is affirmed.