16 F.3d 1222
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Reinaldo LOPEZ, Defendant-Appellant.
 No. 93-3316.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 Before: MARTIN and RYAN, Circuit Judges; and EDGAR, District Judge.*
 PER CURIAM.
 
 
 1
 Reinaldo Lopez appeals the district court's denial of his motion to withdraw his guilty plea to one count of distribution of over fifty grams of cocaine and one count of carrying and using a firearm in relation to a drug trafficking crime. Lopez contends that the district court abused its discretion in denying defendant's motion to withdraw his guilty plea and in failing to appoint a certified interpreter. For the following reasons, we affirm the district court.
 
 
 2
 On October 28, 1991, a federal grand jury returned a twelve-count indictment against Lopez and a codefendant. Lopez was charged with one count of conspiracy (in violation of 21 U.S.C. Sec. 846), three counts of possession of cocaine or cocaine base with intent to distribute (in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2), three counts of distribution of cocaine or cocaine base (in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2), and three counts of carrying a firearm in relation to a drug trafficking offense (in violation of 18 U.S.C. Sec. 924(c)). At his arraignment on April 17, 1992, Lopez entered a plea of not guilty to all charges.
 
 
 3
 On June 10, Lopez appeared before the district court and, pursuant to a written plea agreement with the government, entered a plea of guilty to Counts Ten and Twelve of the Indictment. In the first moments of the plea hearing, the district court ensured that the services of an experienced interpreter were made available to Lopez, a Spanish-speaking Cuban native. After both Lopez and his counsel assured the court that they were completely satisfied with the abilities of the interpreter,[1] the district court proceeded to conduct a lengthy plea colloquy with Lopez. Through the interpreter, Lopez confirmed that he had reviewed and understood the plea agreement, indicated his desire to plead guilty, and acknowledged that the statement of facts presented by the prosecutor was true. Finding that Lopez entered into his guilty plea knowingly and voluntarily, the district court accepted the plea and set sentencing for September 25.
 
 
 4
 On September 25, Lopez informed his counsel, Keith Golden, that he wished to withdraw his guilty plea. Because Golden had recommended that Lopez enter the guilty plea, Lopez also requested a new lawyer. In keeping with his client's requests, Golden filed a motion to withdraw as counsel and a motion to withdraw the guilty plea on September 30.
 
 
 5
 A hearing on Lopez's motion to withdraw his guilty plea began on January 8, 1993. As at the plea hearing, the district court initially ensured that a Spanish-language interpreter was present and that Lopez was satisfied with the interpreter's services.[2] After the defendant's second court-appointed counsel, Terrence Lyden, made a brief statement on Lopez's behalf, Lopez took the stand. Speaking through the interpreter, Lopez testified that he had been forced to plead guilty by his former counsel:
 
 
 6
 He [Attorney Golden] lied to me. He told me you plead guilty to these two charges. He didn't ask me what I wanted to do. He just told me you plead guilty to these two charges and you are going to get a specific sentence; ten years he said that I was going to get.
 
 
 7
 J.A. at 117. Lopez also claimed that he was confused at the plea hearing, contended that he did not understand the plea agreement when he executed it, and asserted that he had maintained his innocence from the outset. Finally, Lopez testified that he changed his mind about the plea agreement after other inmates at the jail told him that his "lawyer was doing a bad job."
 
 
 8
 Following a several-day continuance, the defendant's first appointed counsel took the stand. Golden recounted that he met with Lopez at the jail and at the courthouse on numerous occasions. During these meetings, an interpreter was present to ensure that Lopez was able to communicate with his counsel. According to Golden, he explained the charges, the potential penalties, and the plea agreement to Lopez at length. Golden also testified that the decision to plead guilty was made solely by Lopez.
 
 
 9
 In a carefully written memorandum and order, the district court concluded that Lopez had failed to set forth sufficient reasons to support the withdrawal of his guilty plea. Noting that Lopez's desire to withdraw his plea arose nearly three months after he entered the plea, and then only after Lopez reviewed the presentence investigation report, the district court denied the motion to withdraw. Lopez was subsequently sentenced to a fifteen-year term of imprisonment. This timely appeal followed.
 
 
 10
 Lopez claims that the district court abused its discretion in denying his motion to withdraw his guilty plea. In raising this challenge, Lopez must acknowledge that "withdrawal of a guilty plea prior to sentencing is not an absolute right." United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (quoting United States v. Kirkland, 578 F.2d 170, 172 (6th Cir.1978)). Instead, under Federal Rule of Criminal Procedure 32(d), "the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Absent an abuse of discretion, this Court will uphold the district court's denial of a motion to vacate. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). Moreover, Lopez bears the burden of proving that his withdrawal from the plea was supported by valid justifications. Id.
 
 
 11
 In determining whether Lopez had established a "fair and just reason" to withdraw his guilty plea under Rule 32(d), the district court specifically referred to and considered those factors previously identified by this Court as relevant:
 
 
 12
 (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted.
 
 
 13
 United States v. Goldberg, 862 F.2d 101, 103-04 (6th Cir.1988). In light of these factors and based on our review of the record before us, we conclude, as discussed below, that the district court did not abuse its discretion in refusing to allow Lopez to withdraw his plea.
 
 
 14
 Lopez first entered his guilty plea at the June 10 hearing. He did not inform the court that he wished to withdraw that plea until September 25, more than three months later. As this Court has recognized, the aim of Rule 32(d) "is to allow a hastily entered plea made with an unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.' " United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991) (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985)), cert. denied, 112 S.Ct. 1231 (1992). Accordingly, courts generally deny motions to vacate if a substantial period of time has elapsed after the entry of the plea. See Alexander, 948 F.2d at 1004 (five month delay); Goldberg, 862 F.2d at 104 (fifty-five day delay); Spencer, 836 F.2d at 239 (five week delay). After having an opportunity to review the presentence investigation report, Lopez apparently decided that he made a bad choice in pleading guilty. His three-month delay in reaching this conclusion exceeds the time frame generally considered necessary to further the goals of Rule 32(d).
 
 
 15
 The circumstances underlying the entry of the plea in this case only reinforce our conclusion that the district court properly denied Lopez's motion. At no time during the lengthy plea colloquy did Lopez express any dissatisfaction with his counsel or with the plea agreement. See Spencer, 836 F.2d at 239 (recognizing "where a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker"). Nor did he express any difficulty in communicating with counsel or in understanding the plea proceedings. Instead, Lopez indicated that he had not been coerced into pleading guilty, admitted his guilt under oath, and acknowledged the truth of the factual statement presented by the government. He also confirmed that he faced a minimum term of imprisonment of fifteen years on both counts. See Stephens, 906 F.2d at 253 ("the mere fact that an attorney incorrectly estimates the sentence a defendant is likely to receive is not a 'fair and just' reason to allow withdrawal of a plea agreement"). On these facts, Lopez has failed to set forth a fair and just reason for vacating his plea.
 
 
 16
 While it is not apparent that the issue is properly before this Court, we are also convinced that Lopez was not denied access to an interpreter, was able to communicate effectively with counsel, and fully comprehended the events at the plea hearing. Under the Court Interpreters Act, a court is directed to "utilize the services of the most available certified interpreter, or when no certified interpreter is reasonably available, as determined by the presiding judicial officer, the services of an otherwise qualified interpreter." 28 U.S.C. Sec. 1827(d)(1). As this Court has recognized, the Act ensures "that a party has comprehension of the proceedings and [provides] the means to communicate effectively with counsel." United States v. Sanchez, 928 F.2d 1450, 1455 (6th Cir.1991). Accordingly, our ultimate determination in addressing a claim of inadequate interpretation is whether such failure rendered the proceeding fundamentally unfair. Id.
 
 
 17
 Lopez is unable to establish that his case meets this standard. At the plea hearing, Lopez failed to object to the interpreter or to the translation. Instead, at both the June 10 and the January 8 hearings, Lopez expressed his satisfaction with the interpreter. His responses demonstrate some fluency in English. Given the broad discretion accorded to the trial judge under the Act, United States v. Markarian, 967 F.2d 1098, 1104 (6th Cir.1992), cert. denied, 113 S.Ct. 1344 (1993), we conclude that the district court did not err in finding that Lopez's understanding of the plea hearing was adequate.
 
 
 18
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The following exchange took place on the record:
 THE COURT: The Court understands that the Defendant, Reinaldo Lopez who is before the Court at this time, needs the assistance of an interpreter; is that correct?
 MR GOLDEN: Yes, your Honor.
 THE COURT: And that Miss Carmen Galarce--
 MR. GALLOWAY: Yes, your Honor.
 THE COURT: --is present to serve in that capacity. Miss Galarce, you have served as an Interpreter before in this Court, have you not?
 THE INTERPRETER: Yes, your Honor.
 THE COURT: And, Mr. Golden, are you completely satisfied with Miss Galarce's ability to act as Interpreter?
 MR. GOLDEN: Yes, I am, your Honor.
 THE COURT: And is the Defendant satisfied with Miss Galarce's services as an Interpreter?
 THE DEFENDANT: Yes, your Honor.
 THE COURT: All right. The Court, then, will please ask the Clerk to administer the Interpreter's oath to Miss Galarce.
 Joint Appendix at 81-82.
 
 
 [2]
 Once again, Carmen Galarce served as an interpreter for the defendant:
 THE COURT: Ms. Galarce, is the defendant satisfied with your acting as his interpreter in this proceeding?
 THE INTERPRETER: I think so, your Honor.
 THE COURT: Would you specifically question him in that regard?
 THE INTERPRETER: He is satisfied, your Honor.
 J.A. at 102.