37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Ray FORD, Defendant-Appellant
 No. 93-6095.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1994.
 
 Before: KENNEDY, MARTIN and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant David Ray Ford pled guilty to one count of bank robbery, 18 U.S.C. Sec. 2113(d), and to one count of possession of a firearm by a convicted felon, 18 U.S.C. Secs. 922(g)(1), 924(a)(2). Defendant appeals his conviction on the ground that the District Court abused its discretion in denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm.
 
 
 2
 On October 20, 1991, defendant committed an armed robbery of the Springfield, Tennessee branch of the Bank of Goodlettsville, a federally insured institution. Defendant confessed the crime to both his probation officer and the FBI. On April 19, 1993, defendant pled guilty to both counts in open court. Two days later, defendant informed his probation officer that he wished to withdraw his guilty plea. He did not, however, move to withdraw his guilty plea until the sentencing hearing on July 29, 1993. The court denied the motion.
 
 I.
 
 3
 Upon motion made before sentencing, a court may allow a defendant to withdraw a guilty plea for any "fair and just reason." Fed.R.Crim.P. 32(d). On appeal, a defendant bears the responsibility of proving that the requested withdrawal would be justified. United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990). The decision whether to grant a withdrawal is left to the discretion of the district court and we will reverse only if that discretion is abused. United States v. Alexander, 948 F.2d 1002, 1003 (6th Cir.1991), cert. denied 112 S.Ct. 1231 (1992). We have noted that where a decision is left to the discretion of the district court, "[w]e strongly prefer that district courts state their reasons" for these decisions to aid our review. Id.; see also Morscott, Inc. v. Cleveland, 936 F.2d 271, 272 (6th Cir.1991). This preference is not an absolute rule, however, as we have affirmed judgments where the reasons for the court's action are clear from the record. See Alexander, 948 F.2d at 1003.
 
 
 4
 From the failure to make factual findings this defendant implies that the court was unaware of its discretion to allow a withdrawal. There is no suggestion in the record that the court was unaware of its discretion to allow a withdrawal. It explored with defendant the reasons why he wished to withdraw his guilty plea.
 
 
 5
 Defendant next argues that the court erred in denying his motion because he met the requirements of Rule 32(d). We consider the following factors in determining whether a defendant has presented a "fair and just reason" for vacating a guilty plea:
 
 
 6
 (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.[1]
 
 
 7
 United States v. Bashara, 27 F.3d 1174, 1181 (6th Cir.1994) (citing Alexander, 948 F.2d at 1003-04 and United States v. Head, 927 F.2d 1361, 1375 (6th Cir.1991), cert. denied, 112 S.Ct. 144 (1991)).
 
 
 8
 While defendant told his probation officer two days after entering the plea that he wished to withdraw it, he did not make a motion to withdraw until more than three months had passed from the date of his plea hearing. In Bashara, the court deemed the date of the formal motion and not the date the defendant verbally expressed regret for entering the plea as the determinative date in computing the amount of time elapsed. Bashara, 27 F.3d at 1181. If a defendant has a "swift change of heart" this may indicate that the plea was entered in "haste and confusion" and counsels in favor of withdrawal. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (quoting United States v. Barker, 514 F.2d 208, 222 (D.C.Cir.1975), cert. denied, 421 U.S. 1013 (1975)). We have upheld the denial of a motion to withdraw where five weeks have passed. Spencer, 836 F.2d at 236. Here, defendant waited for over three months before moving to change his plea.
 
 
 9
 One reason defendant gives for not filing the motion earlier is that pending sentencing he was incarcerated at the Kentucky State Prison and asserts that he had limited access to counsel. Defendant does not assert that he was unable to reach his attorney or that he requested to withdraw his plea and the request was not acted upon. Neither does defendant, who is a veteran of the criminal justice system with eleven felony convictions, allege that he was unaware of how to request a change of plea or a visit with his attorney. Defendant also explains that his attorney told him that he had until sentencing to withdraw his plea. This explanation is undercut by the fact that the court informed defendant at the plea hearing that he had a right to withdraw the petition to plead guilty until the end of the hearing, but that once the hearing was over he could not change his plea without the court's agreement. Joint App. at 80.
 
 
 10
 The record demonstrates that before accepting the plea agreement, the District Court strictly adhered to the dictates of Federal Rule of Criminal Procedure 11(c). At no time before or during the plea hearing did defendant assert his innocence. He admitted the factual basis for the plea and admitted three times, under oath, that he was guilty of both counts of the indictment.
 
 
 11
 Even when defendant appeared at the sentencing hearing, he did not immediately request to withdraw his guilty plea. Defense counsel then asked the court for some time to review the presentence report with defendant because defendant had not seen it before. After reviewing the report, defendant moved to withdraw his plea and represented to the court that he was innocent. His primary explanation as to why he pled guilty earlier was that he was depressed over the accidental death of his only child at the time he entered the plea.
 
 
 12
 The extensive plea colloquy demonstrates defendant's cognizance and complete admission of guilt. There is nothing to suggest that he was distraught at the time. We find the explanation that defendant was driven by his depression over the loss of his daughter to admit complete guilt to the commission of a crime described in great detail that he did not commit quite implausible. A more plausible explanation is offered by the United States: "The attempt to withdraw his agreement is nothing more than a dilatory tactic or an attempt to obtain a better deal." United States' Br. at 10. The purpose of the rule allowing for the withdrawal of guilty pleas is "not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.' " Alexander, 948 F.2d at 1004 (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985)).
 
 
 13
 Defendant's delay in moving to withdraw the plea, the extensive colloquy and sworn testimony at the plea hearing establishing defendant's knowing admission of guilt, his earlier confessions of guilt and delayed assertion of innocence, his prior considerable experience with the criminal justice system, and the fact that he had cause are clearly adequate reasons not to set aside the plea. We hold that the District Court did not abuse its discretion in denying defendant's petition to withdraw his guilty plea.
 
 II.
 
 14
 Confusion over one of the terms of the agreement arose during the plea hearing. At that time, defendant was serving a state sentence in Kentucky. Defendant had also been on parole for an earlier federal bank robbery conviction in Kentucky (the "Kentucky conviction"). His parole had been revoked and defendant was facing a possible reinstatement of the original thirteen-year sentence. The Federal Parole Commission (the "Commission") had not yet reinstated the sentence. Defendant could not begin serving any federal time on the Kentucky conviction until he was released from state custody. The Assistant United States Attorney was prepared to recommend that any time defendant would receive on counts one and two of the instant indictment would run concurrently. Defense counsel believed that the AUSA had agreed to recommend not only that the time on counts one and two run concurrently, but also that that time run concurrently to any time imposed by the Commission for the Kentucky conviction. After a recess, defense counsel and the AUSA agreed that the United States would 1) recommend a three-level decrease in offense level for acceptance of responsibility; 2) recommend sentence on the low end of the sentencing range; and 3) not oppose defendant's request that the District Court write the Commission to recommend that any sentence it impose run concurrently to the instant sentence. Joint App. at 76.
 
 
 15
 Defendant did not raise any issue with respect to this portion of the agreement below. In his reply brief on appeal, defendant argues that the agreement was not voluntary as the court's recommendation to the Parole Commission for concurrent sentences, which was central to defendant's decision to plead guilty, was a nullity because of the Commission's policy of consecutive sentencing under these circumstances.
 
 
 16
 [I]t shall be the policy of the Commission that the revoked parolee's original sentence (which due to the new conviction stopped running upon his last release from federal confinement on parole) again start to run only upon release from the confinement portion of the new sentence or the date of reparole granted pursuant of these rules, whichever comes first.
 
 
 17
 28 C.F.R. Sec. 2.47(e)(2) (emphasis added). However, because defendant raised this issue for the first time in his reply brief, we do not address it. United States v. Brannon, 7 F.3d 516, 521 n. 2 (6th Cir.1993); United States v. Jerkins, 871 F.2d 598, 602 n. 3 (6th Cir.1989) (" 'It is impermissible to mention an issue for the first time in a reply brief because the appellee then has no opportunity to respond.' Knighten v. Commissioner, 702 F.2d 59, 60 n. 1 (5th Cir.), cert. denied, 464 U.S. 897 (1983).")
 
 III.
 
 18
 The judgment of the District Court is accordingly AFFIRMED.
 
 
 
 [1]
 Prejudice to the United States need not be considered until the defendant has demonstrated a fair and just reason for withdrawing his guilty plea. Alexander, 948 F.2d at 1004