**UNITED STATES of America, Plaintiff,**

v.

**Antonio CONNER, Defendant.**

**No. CR–2–95–44 (39).**

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 19, 1995.

Richard Allen Cline, Richard Cline & Company, L.P.A., Columbus, OH, Randolph W. Alden, Alden & Associates Co. LPA, Columbus, OH, for defendant.

Salvador A. Dominguez, United States Attorney's Office, Columbus, OH, for the U.S.

### *ORDER*

GEORGE C. SMITH, District Judge.

Defendant moves to withdraw his guilty plea. For the following reasons, the Court

finds that the motion is without merit. The motion is therefore **Denied.**

## I.

■ Defendant Conner moves to withdraw pursuant to Fed.R.Crim.P. 32(e). Rule 32(e) provides as follows:

> (e) *Plea Withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendre is made before sentence is imposed, ... the court may permit the plea to be withdrawn if the defendant shows *any fair and just reason.* At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

(emphasis added).[1] There are myriad reasons why a defendant might change his mind about a guilty plea, and a defendant does not have an automatic right to withdraw his plea. *United States v. Head,* 927 F.2d 1361, 1375 (6th Cir.), *cert. denied,* 502 U.S. 846, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991). After all, a guilty plea is a solemn act to be embraced only with great care. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468–69, 25 L.Ed.2d 747 (1970). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)).

■ In this vein, the Sixth Circuit has enumerated those "factors that the district court may consider in evaluating whether a defendant has established, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, a 'fair and just reason' to withdraw the guilty plea." *United States v. Goldberg,* 862 F.2d 101, 103 (6th Cir.1988). Those factors include: (1) the amount of time elapsed between entry of the plea and the motion to withdraw it; (2) if the defendant could have presented the grounds for withdrawal earlier; (3) whether the defendant has maintained his legal innocence; (4) circumstances surrounding entry of the plea; (5) the defendant's nature and background; and (6) the degree to which the defendant has had prior experience with the criminal justice system. *United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995); *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991), *cert. denied,* 502 U.S. 1117, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). The court may consider potential prejudice to the government should the defendant advance "any fair and just reason" for withdrawal of the plea. *Bashara,* 27 F.3d at 1181; *Alexander,* 948 F.2d at 1004.

## II.

Defendant Conner is one of forty-one (41) defendants charged in a one-hundred eighty-five (185) count indictment. Among the counts are conspiracy, possession and/or shipment of firearms and ammunition, laundering of monetary instruments, importation, manufacturing, and dealing in explosive materials, and possession and distribution of cocaine and cocaine base. Defendant Conner was named in four (4) of the counts, including Count one (1). Count one alleges defendant's involvement in a conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846.

Defendant Conner entered a plea of guilty to Count one of the Indictment on September 26, 1995, the day prior to the scheduled beginning of the trial. After defendant was sworn, the Court entered into a lengthy colloquy with him regarding his knowledge of the alleged conspiracy and the voluntariness of his plea. The Court strictly adhered with all requirements of Fed.R.Crim.P. 11(d),[2]

---

**1.** Before 1994, Rule 32(e) was Rule 32(d). The provisions are the same except for "minor stylistic changes." *See* Fed.R.Crim.P. 32 advisory committee note.

**2.** Rule 11(d) states in pertinent part:
Insuring that the Plea is Voluntary: The court shall not accept a plea of guilty or nolo contendre without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendre results from prior discussions

taking what could be called nothing short of "painstaking efforts" to assure that defendant was entering into a knowing and voluntary plea. *See United States v. Triplett,* 828 F.2d 1195, 1196 (6th Cir.1987) (describing the Rule 11 hearing).

On September 27, 1995, defendant Conner telephoned his attorney and notified him that he was unhappy with his guilty plea and wanted to withdraw it. A Rule 32 motion to withdraw, accompanied by the affidavits of defendant and Mr. Matthew Alden, law clerk to defendant's attorney, was filed with the Court on October 2, 1995. On October 16, 1995, the Court held a hearing on the motion, first, to allow defendant the opportunity to present a "fair and just reason" for withdrawal of his plea and, second, to allow the government to attest to any prejudice should the Court grant defendant's motion.

### III.

In many circuits, the review of a defendant's plea withdrawal concentrates on the sufficiency of the district court's Rule 11 hearing. *See, e.g., United States v. Puckett,* 61 F.3d 1092, 1099 (4th Cir.1995) (holding that an appropriately conducted Rule 11 proceeding lends a strong presumption that the plea is binding); *United States v. Cray,* 47 F.3d 1203, 1207–08 (D.C.Cir.1995) (noting that compliance with Rule 11 determinative in plea withdrawal; lack of government prejudice irrelevant); *United States v. Austin,* 948 F.2d 783, 787 (1st Cir.1991) (holding similarly). The Sixth Circuit, on the other hand, has retained a more extensive analysis, focusing on six diverse factors, noted *supra,* in order to give the district court guidance in assessing a defendant's reasons for withdrawal.

 After consideration of defendant's motion and the evidence presented at the hearing, and in light of these six factors, the Court finds that defendant Conner has not presented a "fair and just reason" for withdrawal of his guilty plea. Defendant Conner and his attorney have certainly acted diligently in proceeding with this motion, and diligence is an important consideration. *See*

*Triplett,* 828 F.2d at 1197 ("The shorter the delay [between plea and Rule 32 motion], the more likely a motion to withdraw will be granted . . ."). Diligence, however, is not the only consideration. It is but one of six. All of the other Rule 32 factors either play no role or mitigate against withdrawal of defendant's plea. Furthermore, the government has shown that they would experience substantial prejudice should they now be forced to proceed to trial against defendant.

 The first factor which the Court may consider when confronted with a Rule 32 motion is the passage of time between the plea and the filing of the motion. It is the date of the formal motion and not the date defendant verbally expressed regret to his attorney that the Court will consider. *See Bashara,* 27 F.3d at 1181. Defendant was prompt in filing his motion. Only six days passed between the date defendant entered his plea on September 26, 1995, and the date the motion was filed with the Court on October 2, 1995. This factor mitigates in favor of defendant's withdrawal.

The second factor which the Court may consider is whether the defendant could have raised his concerns earlier. The Sixth Circuit has intimated that where a defendant is aware of the condition or reason for a plea withdrawal at the time the guilty plea is entered, the case for withdrawal is weaker. *United States v. Usher,* 703 F.2d 956, 958 (6th Cir.1983). After the Rule 11 hearing in the instant matter, defendant did act expeditiously in expressing his grievances with his plea, but at the Rule 11 hearing itself he stood silent, even though he was aware of the various concerns which form the basis of his Rule 32 motion. For example, in his affidavit, defendant states that just prior to the hearing he was placed in a cell with co-defendant Sherman Giles (def. aff. ¶ 4) and that Mr. Giles told him he should plead guilty because "there is no way you [Conner] are going to get a fair trial anyway" (def. aff. ¶ 5).

During the Rule 11 hearing, however, the Court informed defendant that he had a right to a trial by jury at a speedy and public trial

---

between the attorney for the government and the

defendant or the defendant's attorney.

with the assistance of counsel, the right to confront and cross-examine witnesses against him and the right not to incriminate himself. Defendant was further told by the Court that at this trial he would be presumed innocent and that the government would have to establish his guilt beyond a reasonable doubt. Even after all of these assurances, defendant said nothing about his ability to receive a fair trial. He unequivocally waived his right to trial twice (R11 trans. at 14). Furthermore, even though this purported conversation between defendant and Mr. Giles had just transpired, defendant acknowledged in open court that he had not been threatened to plead guilty (R11 trans. at 22). The other concerns defendant now raises, which could be aptly characterized as his family's disapproval of his decision (def. aff. ¶¶ 13–14), could also have been addressed earlier. This factor weighs heavily against granting defendant's motion.

The third factor, whether the defendant has maintained his innocence, also weighs heavily against defendant. At the Rule 32 hearing on October 16, 1995, defendant's attorney contended that, aside from the Rule 11 hearing, defendant had maintained his innocence to him throughout his representation (R32 trans. at 6). He also urged that the Court not take into account his client's admissions made under oath at his Rule 11 hearing. Disregard of what has been uttered in open court is clearly not the standard of the Sixth Circuit. *See, e.g., United States v. Ford,* No. 93–6095, 1994 WL 567593, at *2 (6th Cir. Oct. 14, 1994) (considering the defendant's responses during the plea hearing); *United States v. Lopez,* No. 93–3316, 1993 WL 503076, at *3 (6th Cir. Dec. 7, 1993) (same), *cert. denied,* — U.S. ——, 114 S.Ct. 1568, 128 L.Ed.2d 213 (1994).

At the Rule 11 hearing, after defendant was sworn, he acknowledged that he knew his answers would be subject to penalties of perjury if he spoke untruthfully. He then responded that he understood the nature of the charges (R11 trans. at 7) and the elements of the crime (R11 trans. at 8–9). Furthermore, after hearing what defendant purported to be an accurate summary of the charges (R11 trans. at 24–25), he acknowl-

edged, without hesitation, that he was pleading guilty because he was in fact guilty of the crime with which he had been charged, namely, conspiracy to distribute crack cocaine (R11 trans. at 26). Defendant has not consistently maintained his innocence. This factor weighs heavily against granting defendant's motion.

The fourth factor to consider is the circumstances underlying entry of the guilty plea. While defendant Conner did not enter into a plea of guilty until the day before the scheduled start of trial, it has not been alleged that he was coerced by his attorney to plead guilty, *see Bashara,* 27 F.3d at 1181, or that he did not have ample time to review his plea agreement. *See United States v. Thompson,* 680 F.2d 1145, 1153 (7th Cir.), *cert. denied,* 459 U.S. 1089, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982). In fact, according to evidence brought to light during defendant's Rule 32 hearing, he had been considering his plea of guilty for a week or more prior to its entry (R.32 trans. at 33). The Court does not find that this factor plays any substantial role in the analysis of defendant's Rule 32 motion.

The fifth factor which the Court may consider when confronted with a Rule 32 motion is the defendant's nature and background. Defendant is twenty (20) years old and completed the 11th grade but has not held gainful employment since leaving school. Although defendant attests to his uncertainty in entering a guilty plea (def. aff. ¶¶ 6–9), he has not alleged that he has been unable to understand his attorney or the proceedings. Again, the Court does not find that this factor plays any substantial role in the analysis of defendant's Rule 32 motion.

The sixth factor to consider is the defendant's exposure to the criminal justice system. *See Bashara,* 27 F.3d at 1181. This factor strongly mitigates against the withdrawal of defendant's plea. Defendant contends in his affidavit that he has no exposure with the federal or state adult criminal system (def. aff. ¶ 2). This statement is deceptive if not utterly fallacious. At the defendant's Rule 32 hearing, the Court requested that the United States Probation Office prepare a criminal record of defendant in order to confirm the assertions of government

counsel. As government counsel had represented, the criminal report reveals defendant as someone who, both as a juvenile and as an adult, has had significant interaction in some form or another with the criminal justice system. The Court will not extensively describe defendant's criminal record, except to state that prior to his arrest on the current indictment, he had been arrested at least eight times and had entered pleas of guilty on a number of those occasions. Defendant is not a first-time offender without any exposure to the criminal justice system.

■ Finally, in assessing a Rule 32 motion, the Court may consider potential prejudice to the government. The Court need not elicit the government's position if the defendant fails to advance a "fair and just reason" for withdrawal of his plea. *Bashara,* 27 F.3d at 1181. In this matter, after careful consideration of the six factors, the Court finds that defendant has failed to come forward with such a reason. Nonetheless, in the interest of completeness, the Court will expound on what could easily be considered substantial prejudice to the government from defendant's plea withdrawal.

■ When defendant pleaded guilty and then moved to withdraw his plea pursuant to Rule 32, he, in effect, severed his trial from the trial of the other codefendants which was about to begin. While the other codefendants proceed through trial, defendant can wait, watch and strategize. Defendant's possible severance is made all the more serious considering the possible difficulty that the government may have in presenting evidence against defendant at a later date. Defendant has conceded that the government's case relies in part on the testimony of cooperating codefendants. The willingness of these codefendants to testify twice is questionable given the threats that several of them have received during the course of the on-going trial. In sum, the government has demonstrated that it may suffer substantial prejudice should the Court accept defendant's Rule 32 motion.

## IV.

■ Granting of a withdrawal is within the broad discretion of this Court, *United States v. Stephens,* 906 F.2d 251, 252 (6th Cir.1990), and after a hearing and a careful consideration of the Sixth Circuit factors, the Court finds that defendant's motion is not meritorious. The Court therefore denies defendant's motion.

**IT IS SO ORDERED.**